UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLEO VAN DOREN,<br><br>        Plaintiff,<br><br>v.<br><br>AMERICAN FUNDS, TRADER JOE'S COMPANY,<br><br>        Defendants. | Civil Action No. |

## NOTICE OF REMOVAL OF CIVIL ACTION

Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441, defendant Trader Joe's Company ("Trader Joe's") gives notice that the "Complaint, Jury Demand, Designation of Trial Counsel" (the "Complaint") filed in Case No. UNN-L-00424-10, *Cleo Van Doren v. American Funds, Trader Joe's*, is hereby removed to the United States District Court for the District of New Jersey from the Superior Court of New Jersey, Union County, where said Complaint was originally filed and is currently pending. A copy of the Summons and Complaint, which was served on defendant on February 16, 2010, is filed with this notice as Exhibit A. In support of removal, Trader Joe's avers as follows:

## GROUNDS FOR REMOVAL

1.    Defendant Trader Joe's bases this Notice of Removal on 28 U.S.C. § 1441(a), which provides that a defendant may remove any civil action, filed in a state court, of which the district courts of the United States have original jurisdiction. Original

jurisdiction in this Court exists by reasons of 29 U.S.C. § 1132, 28 U.S.C. § 1331 and 28 U.S.C. § 1332(a).

### Plaintiffs' Allegations

2. Plaintiff Cleo Van Doren alleges that, prior to May 29, 2008, Timothy Dougherty, a former participant in defendant Trader Joe's Retirement Plan (the "Plan"), submitted a Distribution request which indicated that he was unmarried. (Compl. ¶ 5).

3. On or about May 29, 2008, the entire value of Timothy Dougherty's account under the Plan was distributed to him pursuant to his submission which indicated that he was unmarried. (Compl. ¶ 5).

4. Plaintiff alleges that at the time of the distribution, she was a spousal beneficiary under the Trader Joe's Retirement Plan in the name of Timothy Dougherty, and that defendants therefore breached fiduciary obligations in distributing to Timothy Dougherty the full value of his Plan account. (Compl. ¶¶ 2, 6).

5. Plaintiffs purports to assert her claim under § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B), and seeks relief under that "applicable act." (Compl. ¶¶ 1 & WHEREFORE clause).

### Jurisdiction Under the Employee Income Security Act

6. Plaintiff's Complaint seeks, among other things, to obtain relief under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), for defendants' alleged failure to provide plaintiff benefits provided by the terms of an "employee benefit plan," as defined by ERISA §3(3), 29 U.S.C. § 1002(3). Plaintiff claims an entitlement to these benefits as

a plan beneficiary, as defined by ERISA § 3(8), 29 U.S.C. § 1002(8). Plaintiff's action is therefore within the scope of the civil enforcement provisions of ERISA § 502(a), 29 U.S.C. § 1132(a), and is removable as it is within the original jurisdiction of the district court. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987); *Levine v. United Healthcare Corp.*, 402 F.3d 156, 162 (3d Cir. 2005).

7. Any additional requests for relief sought by plaintiff are so related to her ERISA claims that they form part of the same case or controversy under Article III of the United States Constitution, and are subject to the supplemental jurisdiction of the Federal District Courts pursuant to 28 U.S.C. § 1367(a).

8. Pursuant to 28 U.S.C. § 1331 and 1441(a) & (b), this state court action may be removed to Federal District Court in that federal question jurisdiction exists.

## Jurisdiction Based on Diversity

9. Plaintiff in this case claims to be a citizen and resident of the State of New Jersey. (Compl.). Defendant Trader Joe's is a foreign corporation whose principal place of business, as defined in *Hertz v. Friend, et al.*, 130 S. Ct. 1181 (2010), is in the State of California. Defendant American Funds is a foreign corporation whose principal place of business is also in the State of California. Therefore, complete diversity of citizenship exists between plaintiff and each defendant in this matter. The amount in controversy exceeds $75,000. This Court therefore has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a).

## Satisfaction of Procedural Requirements

10. The procedural requirements of § 1446 have been met. This Notice of Removal is timely under § 1446(b). The initial pleading in this case from which it could be ascertained that the action was removable was the Complaint, Jury Demand, Designation of Trial Counsel, which was first received by defendant Trader Joe's no earlier than February 16, 2010. Accordingly, this Notice of Removal is timely, being filed within 30 days of the date on which the removing defendant first received the document.

11. Concurrent with the filing of this Notice of Removal, the removing defendant is giving written notice of the removal to the Superior Court of New Jersey, Union County.

12. Trader Joe's understanding is that Defendant American Funds will be separately filing its own notification regarding its consent to removal in this matter.

13. By removing this case to Federal District Court, the removing defendant does not concede that it is a properly-named defendant or that it is liable to plaintiff in any manner or amount.

Dated: March 18, 2010

Respectfully submitted,

O'MELVENY & MYERS LLP

By: _____
Andrew Frackman
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036
Telephone: 212-326-2017
Facsimile: 212-326-2061
afrackman@omm.com

*Attorney for Defendant Trader Joe's*

p.2

**KESSLER, DIGIOVANNI & JESUELE, LLP**
773 Central Avenue
P.O. Box 2429
Westfield, NJ 07091
(908) 232-2040
Attorneys for Plaintiff

|  |  |
|---|---|
| Plaintiffs, | SUPERIOR COURT OF NEW JERSEY |
|  | LAW DIVISION: |
| CLEO VAN DOREN | UNION COUNTY |
|  | DOCKET NO.: UNN-L-00424-10 |
| vs. |  |
|  | CIVIL ACTION |
| Defendants, |  |
|  | SUMMONS |
| AMERICAN FUNDS, |  |
| TRADER JOE'S COMPANY |  |

From The State Of New Jersey
To The Defendant(s) Named Above:

The plaintiff, named above, has filed a law suit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this law suit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625. A $110.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the legal services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

JENNIFER M. PEREZ
Clerk of the Superior Court

DATED: February 4, 2010
Name of Defendant to Be Served: AMERICAN FUNDS by serving TRADER JOE'S COMPANY
Address of Defendant to Be Served: 155 ELM STREET, WESTFIELD, NJ 07090

**KESSLER, DIGIOVANNI & JESUELE, LLP**
773 Central Avenue
P.O. Box 2429
Westfield, NJ 07091
(908) 232-2040
Attorneys for Plaintiff

RECEIVED / FILED
Superior Court of New Jersey
JAN 29 2010
CIVIL CASE MANAGEMENT
UNION COUNTY

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: UNION COUNTY

Plaintiff,

CLEO VAN DOREN, formerly CLEO DOUGHERTY

vs.

Defendants,

AMERICAN FUNDS; TRADER JOE'S COMPANY

DOCKET NO: UNN-L 0424-10

CIVIL ACTION

COMPLAINT, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL

Plaintiff, residing at 66 Elm Street, Westfield, Union County, New Jersey, complaining of the defendants, states:

1. This Complaint is brought under, inter alia, 29 U.S.C.A. 1132 (a)(1)(B). Jurisdiction is based upon 29 U.S.C.A. 1132 (e)(1) and (2).

2. On and before May 29, 2008, plaintiff was a spousal beneficiary under defendant, Trader Joe's Company, Retirement Plan in the name of her then-husband, Timothy Dougherty. At the aforesaid time, the said account contained $173,980.00 in available funds.

3. At the aforesaid time, the account was being administered by Defendant,

American Funds, which does substantial business in the State of New Jersey, and has significant contacts with the State of New Jersey.

4. At the aforesaid time, Defendants, Trader Joe's Company and American Funds were fiduciaries of the aforesaid plan and, as such, were required to use that degree of skill and care commensurate with their duties and obligations imposed by State and Federal law.

5. On or about May 29, 2008, said defendants distributed the entire value of the aforesaid account to Timothy Dougherty based upon his submission of a Distribution request which indicated, falsely, that he was unmarried.

6. Defendants acted negligently and in breach of their fiduciary obligations when a distribution of the entire plan value was made to Timothy Dougherty to the exclusion of plaintiff, Cleo Van Doren, formerly Cleo Dougherty. Moreover, Defendants acted negligently in failing to ensure that the submission of Timothy Dougherty was accurate and truthful, especially in light of Timothy Dougherty's prior submissions to defendants indicating that he was married.

7. As a result of the aforesaid negligence and breach of fiduciary obligations on the part of defendants, plaintiff was damaged and suffered a loss of the value of her 50% joint and survivor annuity plus accrued growth; incurred legal costs and expenses in the prosecution of this matter and was otherwise damaged.

WHEREFORE, plaintiff demands judgment against defendants, for damages incurred; civil penalties provided for under the applicable act; attorneys fees, costs of suit and interest.

## JURY DEMAND

Plaintiff hereby demands trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Vincent Jesuele is hereby designated as trial counsel on behalf of plaintiff in the within matter.

KESSLER, DIGIOVANNI & JESUELE
Attorneys for Plaintiff

BY: Vincent Jesuele