Lee G. Dunst
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, N.Y. 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

William J. Kilberg, P.C.
Paul Blankenstein
J. Nicci Adams
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
Attorneys for Defendant Capital Research and Management Company

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLEO VAN DOREN, <br><br> Plaintiff, <br><br> v. <br><br> CAPITAL RESEARCH AND MANAGEMENT COMPANY d/b/a AMERICAN FUNDS, TRADER JOE'S COMPANY, <br><br> Defendants. | Civil Action No. 2:10-cv-01425 |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT CAPITAL RESEARCH AND MANAGEMENT COMPANY'S
MOTION TO DISMISS**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................. 1

BACKGROUND .................................................................................................................. 2

    The Parties ................................................................................................................ 2

    The Allegations ........................................................................................................ 3

STANDARD OF REVIEW .................................................................................................. 4

ARGUMENT ........................................................................................................................ 5

I.     CRMC Is Not The Plan Itself Nor The Plan Administrator, And Therefore Is Not The Proper Defendant For A Claim For Benefits Under ERISA § 502(a)(1)(B). ..................... 5

II.     Any Claim Under ERISA § 502(a)(2) Must Be Dismissed Because The Complaint Makes Clear That CRMC Is Not A Plan Fiduciary. ...................................................... 7

CONCLUSION ................................................................................................................... 11

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) ................................................................................. 4, 5, 6

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...................................................................................... 4, 10

*Briglia v. Horizon Healthcare Servs., Inc.*,
  No. 03-6033, 2005 WL 1140687 (D.N.J. May 13, 2005) ............................. 7

*Confer v. Custom Eng'g Co.*,
  952 F.2d 34 (3d Cir. 1991) ............................................................................ 9, 11

*Curcuo v. John Hancock Mut. Life Ins. Co.*,
  33 F.3d 226 (3d Cir. 1994) ............................................................................ 9

*Evans v. Employee Ben. Plan*,
  No. 03-4915, 2007 WL 2212607 (D.N.J. July 30, 2007) ............................. 6

*Garcia v. N.J. State Prison*,
  No. 05-3159, 2007 WL 2669332 (D.N.J. Sept. 6, 2007) .............................. 7

*Graden v. Conexant Sys. Inc.*,
  496 F.3d 291 (3d Cir. 2007) .......................................................................... 5

*Great-West Life & Annuity Ins. Co. v. Knudson*,
  534 U.S. 204 (2002) ...................................................................................... 8

*Hahnemann Univ. Hosp. v. All Shore, Inc.*,
  514 F.3d 300 (3d Cir. 2008) .......................................................................... 5, 6

*In re Burlington Coat Factory Sec. Litig.*,
  114 F.3d 1410 (3d Cir.1997) ......................................................................... 2

*In re Mushroon Transp. Co., Inc.*,
  382 F.3d 325 (3d Cir. 2004) .......................................................................... 9

*Jersey City Incinerator Auth. v. BP Inc.*,
  No. 10-56, 2010 WL 778259 (D.N.J. Mar. 8, 2010) .................................... 2

*LaRue v. DeWolff, Boberg & Assocs., Inc.*,
  552 U.S. 248 (2008) ................................................................................................. 8

*Mertens v. Hewitt Assocs.*,
  508 U.S. 248 (1993) ................................................................................................. 8

*Morse v. Lower Merion School Dist.*,
  132 F.3d 902 (3d Cir. 1997) ..................................................................................... 4

*Pegram v. Herdrich*,
  530 U.S. 211 (2000) ................................................................................................. 8

*Shaw v. Delta Air Lines, Inc.*,
  463 U.S. 85 (1983) ................................................................................................... 7

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) ................................................................................... 7

*United States v. Mead Corp.*,
  533 U.S. 218 (2001) ................................................................................................. 9

*Varity Corp. v. Howe*,
  516 U.S. 489 (1996) ................................................................................................. 8

*Ward v. Avaya, Inc.*,
  487 F. Supp. 2d 467 (D.N.J. 2007) .......................................................................... 2

**Statutes and Regulations**

ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A) ................................................................ 6

ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A) ........................................................... 1, 9

ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) ................................................ *passim*

ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) .......................................................... *passim*

ERISA § 502(d)(2), 29 U.S.C. § 1132(d)(2) ................................................................. 6

ERISA § 514(a), 29 U.S.C. § 1144(a) ........................................................................... 8

29 C.F.R. § 2509.75-8 (1992) ..................................................................................... 10

# INTRODUCTION

Plaintiff is the former spouse of Timothy Dougherty, a participant in the 401(k) plan sponsored by his former employer, Trader Joe's Company ("Trader Joe's"). She asserts that the various defendants "acted negligently and in breach of their fiduciary duties" under the Employee Retirement Income Security Act ("ERISA") by distributing without notice to her the entire value of her then-husband's 401(k) account. Plaintiff maintains that, as a consequence, she lost fifty percent of the value of that account.

Plaintiff has brought suit under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), which allows suits by beneficiaries "to recover benefits" due them under the plan. She also seeks damages, presumably for the alleged breach of fiduciary duty by defendants, although the Amended Complaint ("Complaint") does not cite the provision of ERISA—§ 502(a)(2), 29 U.S.C. § 1132(a)(2)—that authorizes damages suits for breach of fiduciary duty. In any event, Capital Research and Management Company ("CRMC") is not a proper defendant under either the claim for benefits or the claim for damages for breach of fiduciary duty.

First, as controlling Third Circuit authority makes clear, a claim for benefits under ERISA § 502(a)(1)(B) lies only against the plan itself, or the administrator of the plan in its official capacity. CRMC is plainly not Trader Joe's 401(k) Plan and the Complaint does not allege that the Plan document names CRMC as the Plan Administrator. Indeed, the defendant Plan Committee is the named Plan Administrator.

Second, to qualify as a fiduciary under ERISA, a party must either have control of the assets of the plan, or exercise discretionary authority or control over the management of the plan or over disposition of its assets. ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). Plaintiff fails to allege facts that would plausibly suggest that CRMC held the assets of the Plan, or exercised the

sort of discretion that would make it an ERISA fiduciary. In fact, the specific allegations in the Complaint make clear that CRMC's duties and responsibilities are ministerial in nature and fall far short of the discretionary authority over Plan matters necessary to make it a fiduciary.

## BACKGROUND

**The Parties**

According to the Amended Complaint ("Complaint"), plaintiff in this case, Cleo Van Doren, is a former spousal beneficiary in the Trader Joe's Retirement Plan, as amended January 1, 2007 (the "Plan"). Complaint ¶ 2. At the time of the allegedly wrongful actions, plaintiff was married to Timothy Dougherty, who was employed by Trader Joe's Company ("Trader Joe's") and was a participant in its 401(k) Plan. Complaint ¶ 7, 9.

The defendants in this case are Trader Joe's, the Plan Committee, and Capital Research and Management Company ("CRMC"). Trader Joe's is the sponsor of the Plan at issue. The Plan Committee is the designated administrator of the Plan, and consists of persons appointed by the Trader Joe's Board of Directors.[1] The Plan Committee is tasked with, *inter alia*, making determinations of claims for benefits under the Plan. 2007 Plan § 13.1.

---

[1] Trader Joe's Company Retirement Plan, as amended 2007 ("2007 Plan") §§ 11.1, 11.2 (relevant sections attached hereto as Exhibit A).

As the 2007 Plan document and the Administrative Services Agreement between Trader Joe's and CRMC are referenced in and attached to plaintiff's Complaint, they may both be considered on a motion to dismiss without converting the motion into one for summary judgment. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (a document that is integral to or explicitly relied on in a complaint may be considered without converting a motion to dismiss into a motion for summary judgment); *Ward v. Avaya, Inc.*, 487 F. Supp. 2d 467, 471 n.4 (D.N.J. 2007); *Jersey City Incinerator Auth. v. BP Inc.*, No. 10-56, 2010 WL 778259, at *2 (D.N.J. Mar. 8, 2010).

CRMC is a third party that has an agreement with Trader Joe's to provide certain services to the Plan.² The Agreement calls for CRMC to provide to the Plan "recordkeeping and administrative services" (Complaint ¶ 4), including

> preparation of certified copy of the trust statement[;] processing participant withdrawals at the employer's direction, including applicable federal withholding and mandatory state withholding[;] preparation of Form 1099R, and withholding tax remittance and reporting[;] preparation and maintenance of participant loan documents and processing of loan distribution[;] processing name, address and other indicative data changes submitted by the employer[;] maintenance of amounts eligible for participant loans and/or hardship withdrawals[; and] maintaining beneficiary information.

Complaint ¶ 5.

**The Allegations**

Plaintiff alleges that, on and about May 29, 2008, her then-husband was the holder of an account in the Plan, which contained $173,980 in available funds. Complaint ¶ 2. According to plaintiff, at this time, the account was being "serviced and/or administered" by CRMC, and CRMC, Trader Joe's, and the Plan Committee were all fiduciaries of the Plan. Complaint ¶¶ 3, 6. Plaintiff asserts that on May 29, 2008, defendants, "independently or in concert," distributed the entire value of the account to Timothy Dougherty after he made a request for withdrawal. Complaint ¶ 7. She alleges that CRMC "prepared and provided the withdrawal forms to Timothy Dougherty," and that the form contained detailed instructions providing that, "if the participant is married, the distribution must be by Qualified Joint Survivor Annuity" unless notarized spousal consent is presented. Complaint ¶ 8. The distribution was made to Mr. Dougherty in its entirety, with no Qualified Joint Survivor Annuity, based on Mr.

---

² Recordkeeping and Administrative Services Agreement between Trader Joe's and CRMC ("Agreement") (attached hereto as Exhibit B).

3

Dougherty's false statement on the withdrawal form that he was unmarried. Complaint ¶ 7. Sometime after the distribution of the funds, plaintiff and Mr. Dougherty were divorced. Complaint ¶¶ 7, 13.

Plaintiff purports to bring a claim for benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), for "the value of her 50% joint and survivor annuity and/or her equitable distribution share of the account value." Complaint ¶¶ 1, 14. She claims that distributing the entirety of Mr. Dougherty's account to him, without notice to her, was "negligence and breach of fiduciary obligations on the part of defendants" because the defendants should have been aware that Mr. Dougherty had previously indicated that he was married. Complaint ¶ ¶ 7, 12-13. For this alleged violation, plaintiff requests "damages incurred; civil penalties provided for under the applicable act; attorney[']s fees, costs of suit and interest." Complaint, p. 4.

## STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that advances "labels and conclusions," or tenders "naked assertion[s]" devoid of "further factual enhancement" will not suffice. *Twombly*, 550 U.S at 555, 557. In other words, plaintiffs must do more than allege "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949.

In this regard, a plaintiff cannot meet his or her pleading burden with "unsupported conclusions," "unwarranted inferences," "unwarranted deductions," "footless conclusions of law," and "sweeping legal conclusions cast in the form of actual allegations." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 907 n.8 (3d Cir. 1997). "Threadbare recitals of the elements

4

of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. And if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 1950. In determining whether this plausibility standard has been met, the court should "draw on its judicial experience and common sense." *Id*.

## ARGUMENT

Defendant CRMC is not a proper defendant on either plaintiff's claim for benefits, or on her claim for damages for breach of fiduciary duty. As to the claim for benefits, the only two possible defendants under ERISA § 502(a)(1)(B) would be the Plan itself or the Plan Administrator. CRMC plainly is not Trader Joe's 401(k) Plan itself and plaintiff does not allege that it is the Plan Administrator. As to the claim for breach of fiduciary duty, such a claim is only proper against CRMC if it is in fact a Plan fiduciary. But plaintiff fails to allege that CRMC exercised the requisite discretion over the Plan's management or assets to make it a fiduciary. And what she does allege regarding CRMC establishes that CRMC only exercised the sort of ministerial, non-discretionary responsibility that, under Third Circuit precedent and Department of Labor guidance, put it far outside any understanding of what constitutes an ERISA fiduciary.

**I.     CRMC Is Not The Plan Itself Nor The Plan Administrator, And Therefore Is Not The Proper Defendant For A Claim For Benefits Under ERISA § 502(a)(1)(B).**

Plaintiff asserts that this actions is "brought under, *inter alia*, 29 U.S.C. § 1132(a)(1)(B)." Complaint ¶ 1. That statutory provision, ERISA § 502(a)(1)(B), creates a cause of action for a plan participant or beneficiary to bring a claim "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." A claim under ERISA § 502(a)(1)(B) may, however, only be brought against "the plan itself (or plan administrators in their official capacities only)." *Graden*

5

*v. Conexant Sys. Inc.*, 496 F.3d 291, 301 (3d Cir. 2007). *See Hahnemann Univ. Hosp. v. All Shore, Inc.*, 514 F.3d 300, 308 (3d Cir. 2008); *Evans v. Employee Ben. Plan*, No. 03-4915, 2007 WL 2212607, at *11-12 (D.N.J. July 30, 2007). The Third Circuit has made clear that the only reason a plan administrator is a proper defendant in a claim for benefits is that, "if entitlement to benefits is established, the court can direct the plan administrator to pay them from the assets of the plan, much as a trustee may be compelled to satisfy a trust obligation from trust assets."[3] *Hahnemann*, 514 F.3d at 309.

CRMC, of course, is not the Plan itself. Furthermore, the Complaint wholly fails to allege facts that, if proved, would plausibly show that CRMC is the Plan Administrator. Although the Complaint alleges that the account of plaintiff's now ex-husband "was being serviced and/or administered by Defendant Trader Joe's and/or by defendant Plan Committee, and/or by defendant Capital Research and Management Company" (Complaint ¶ 3), that conclusory allegation, lumping all defendants together as "administrators" of the Plan, does not provide the factual content sufficient to satisfy plaintiff's pleading burden.

First, the term "administrator" has a specific definition under ERISA—"the person specifically so designated by the terms of the . . . plan" or, "if an administrator is not so designated, the plan sponsor." ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A). Nowhere does plaintiff allege that CRMC is designated as the administrator under the Plan document. Nor does she allege that CRMC had any authority to grant or deny benefit claims. Under *Iqbal*, such

---

[3] Since the payment of benefits is an obligation of the Plan, any judgment against the Plan cannot be enforced against another party unless that party is independently liable in his or her individual capacity. ERISA § 502(d)(2), 29 U.S.C. § 1132(d)(2).

allegations are necessary to support a claim that CRMC is the Plan administrator as defined in ERISA. 129 S. Ct. at 1951-52.

Second, even if plaintiff *had* asserted that CRMC was the Plan Administrator, the Court would not be obliged to accept any such allegation, as it is contradicted by the Plan document. *See Garcia v. N.J. State Prison*, No. 05-3159, 2007 WL 2669332, at *1 (D.N.J. Sept. 6, 2007) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). The Plan document explicitly names as Plan Administrator "a Committee, appointed by the Board, consisting of not less than two persons." 2007 Plan § 11.1. The Plan document further provides that the "Plan Administrator shall have complete control of the administration of the Plan" (2007 Plan § 11.2), and that claims for benefits due under the Plan are to be directed to "the Committee," which is responsible for making benefits determinations. 2007 Plan § 13.1. The Committee named in the Plan document is the defendant Plan Committee.

ERISA § 502(a)(1)(B) is, at base, a claim for a wrongful denial of benefits. *See Briglia v. Horizon Healthcare Servs., Inc.*, No. 03-6033, 2005 WL 1140687, at *4 (D.N.J. May 13, 2005). But because CRMC is not alleged to have any authority to grant or deny benefits, it is not a proper defendant in a claim for benefits under ERISA § 502(a)(1)(B).

II.     **Any Claim Under ERISA § 502(a)(2) Must Be Dismissed Because The Complaint Makes Clear That CRMC Is Not A Plan Fiduciary.**

Although plaintiff specifically invokes only ERISA § 502(a)(1)(B) as the basis of her claims, she later alleges that defendants "breached their fiduciary duties in distributing the entirety of Timothy Dougherty's account to him."[4] Complaint ¶ 12. But claims for breach of

---

    4   Plaintiff alleges that as fiduciaries defendants were required to "use that degree of skill and care commensurate with the duties and obligation imposed by State and Federal law."

[Footnote continued on next page]

7

fiduciary duty are brought under ERISA § 502(a)(2), not § 502(a)(1)(B).  *See* ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) (a participant or beneficiary may bring a claim for appropriate relief for violations ERISA § 409, the fiduciary duty provision); *LaRue v. DeWolff, Boberg & Assocs., Inc.*, 552 U.S. 248, 253-55 (2008).[5]

Plaintiffs' failure to cite the proper section of ERISA is the least of her failings in this regard, however.  The Complaint lacks any factual allegations that would plausibly show that CRMC exercised the sort of authority with respect to the Plan that would make it an ERISA fiduciary.  In fact, the specific allegations in the Complaint that describe CRMC's role establish that it is *not* a fiduciary.

To state a claim for breach of fiduciary duty, the plaintiff must, of course, allege facts that plausibly show that the defendant is a fiduciary of the ERISA plan at issue.  It is not enough to allege that the acts of a service provider "adversely affected a plan beneficiary's interest"; the plaintiff must allege that the provider was "acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint."  *Pegram v. Herdrich*, 530 U.S.

---

[Footnote continued from previous page]
Complaint ¶ 6.  With limited exceptions, however, ERSIA preempts any state law that purports to regulate the conduct of an ERISA fiduciary.  ERISA § 514(a), 29 U.S.C. § 1144(a); *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 98 (1983) (ERISA preempts, *inter alia*, state laws dealing with the subject matters covered by ERSIA, including fiduciary responsibility).

[5]   In some circumstances, a claim for breach of fiduciary duty may be asserted under ERISA § 502(a)(3). *See Varity Corp. v. Howe*, 516 U.S. 489, 507-515 (1996).  Such claims can potentially be asserted against parties in interest, such as non-fiduciary third-party service providers, like CRMC.  Remedies under that subsection, however, are extremely limited—only traditional equitable remedies, such as injunctions or restitution are available. *See Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 211-21 (2002); *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 258 n.8 (1993).  Such remedies were not requested in the Complaint here, and, in any event, could not appropriately be sought against CRMC in this case as plaintiff does not allege that CRMC holds any monies that rightfully belong to her.  *Great-West*, 534 U.S. at 213 (restitution as an equitable remedy under ERISA § 502(a)(3) is only available against a defendant who actually holds the specific allegedly ill-begotten funds).

211, 226 (2000). ERISA's definition of who is a fiduciary is precise, and specifies the conduct that would qualify a party as a fiduciary:

> [A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). As the Third Circuit recognizes, "the linchpin of fiduciary status under ERISA is discretion." *Curcuo v. John Hancock Mut. Life Ins. Co.*, 33 F.3d 226, 233 (3d Cir. 1994). Mechanical, administrative responsibilities are insufficient to create ERISA fiduciary status. *See In re Mushroon Transp. Co., Inc.*, 382 F.3d 325, 347 (3d Cir. 2004). "[P]ersons who perform purely ministerial tasks, such as claims processing and calculation, cannot be fiduciaries because they do not have discretionary roles." *Confer v. Custom Eng'g Co.*, 952 F.2d 34, 39 (3d Cir. 1991).

The Department of Labor ("DOL"), whose views on the matter are entitled to deference (*see United States v. Mead Corp.*, 533 U.S. 218, 228 (2001)), has provided guidance stating that parties engaged in non-discretionary, ministerial responsibilities are not ERISA fiduciaries. According to the DOL, persons who "perform the following administrative functions for an employee benefit plan, within a framework of policies, interpretations, rules, practices and procedures made by other persons," are *not* fiduciaries with respect to the plan:

   (1)   Application of rules determining eligibility for participation or benefits;
   (2)   Calculation of services and compensation credits for benefits;
   (3)   Preparation of employee communications material;
   (4)   Maintenance of participants' service and employment records;
   (5)   Preparation of reports required by government agencies;
   (6)   Calculation of benefits;
   (7)   Orientation of new participants and advising participants of their rights and options under the plan;

9

> (8) Collection of contributions and application of contributions as provided in the plan;
> (9) Preparation of reports concerning participants' benefits;
> (10) Processing of claims; and
> (11) Making recommendations to others for decisions with respect to plan administration.

29 C.F.R. § 2509.75-8 (1992) (D-2).

Although plaintiff asserts that CRMC and the other defendants are ERISA fiduciaries because they exercise discretionary authority and control over the Plan, (Complaint ¶ 6), such conclusory assertions that merely track the statutory definition of a fiduciary are insufficient to satisfy plaintiff's pleading obligations. *Twombly*, 550 U.S. at 555 (a complaint must contain factual allegations; bare legal conclusions do not suffice). Plaintiff's specific allegations regarding CRMC's role establish quite the opposite. According to plaintiff, CRMC is a fiduciary of the Plan because, under the Agreement with Trader Joe's, it is involved in

> preparation of certified copy of the trust statement[;] processing participant withdrawals at *the employer's direction*, including applicable federal withholding and mandatory state withholding[;] preparation of Form 1099R, and withholding tax remittance and reporting[;] preparation and maintenance of participant loan documents and processing of loan distribution[;] processing name, address and other indicative data changes submitted by the employer[;] maintenance of amounts eligible for participant loans and/or hardship withdrawals[; and] maintaining beneficiary information.

Complaint ¶ 5 (emphasis added). Those responsibilities are entirely ministerial and fit precisely under the DOL's guidance as non-fiduciary activities. *See* 29 C.F.R. § 2509.75-8 (1992) (D-2). Indeed, the single allegation in the Complaint specific to CRMC's role in the underlying transaction—that it provided Mr. Dougherty with the necessary forms for seeking distribution of the assets in his 401(k) account—underscores the ministerial nature of CRMC's duties.

Furthermore, the Agreement between Trader Joe's and CRMC shows that neither party expected that CRMC would have any fiduciary responsibilities. The Agreement explicitly states that Trader Joe's "is solely responsible for . . . the Plan's operations . . . and the administration of

the Plan" (Agreement p. 2, part IV), and that "[n]othing in the Agreement will be deemed to impose any obligation on [CRMC] to monitor, control, *or in any way exercise any powers or discretion* in the administration of the Plan." Agreement, p. 3, part V (emphasis added). It further provides that "[n]either [CRMC] nor any of its agents . . . shall have or be given any authority, control or responsibility that would render it, or otherwise cause it to be deemed to be, a 'fiduciary' of the Plan or to 'handle' or be in possession or control of 'Plan assets.'" *Id*. Nor does CRMC have any obligations or duties relating to "[i]nterpreting Plan provisions [or d]etermining eligibility or vesting." *Id*.

In circumstances similar to those here, where a third-party service provider "had no discretion to deny or allow" claims, but rather "had an obligation to follow the written plan instrument and to follow instructions of the administrator," the Third Circuit found that the service provider was not a fiduciary for purposes of ERISA. *Confer*, 952 F.2d at 39. Here, as there, "[plaintiff's] assertion that [CRMC] could have allowed and paid [her] claim has no basis in the [P]lan document, in [CRMC's] contract with [Trader Joe's], or anywhere else." *Id*. As such, plaintiff's claims against CRMC for breach of fiduciary duty must be dismissed.

## CONCLUSION

For all of the foregoing reasons, CRMC respectfully requests that the Court dismiss all claims asserted against it.

Respectfully Submitted,

Dated: May 28, 2010

/s/ Lee G. Dunst
Lee G. Dunst
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, N.Y. 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

William J. Kilberg, P.C.

11

        Paul Blankenstein
        J. Nicci Adams
        GIBSON, DUNN & CRUTCHER LLP
        1050 Connecticut Avenue N.W.
        Washington, D.C. 20036
        Telephone: (202) 955-8500
        Facsimile: (202) 467-0539

        *Attorneys for Defendant Capital Research and*
        *Management Company*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on May 28, 2010, she caused two copies of the foregoing *Motion to Dismiss by Defendant Capital Research and Management Company* with accompanying *Memorandum of Law in Support of Capital Research and Management Company's Motion to Dismiss* to be served by UPS on each of the following:

Vincent Jesuele
KESSLER, DIFIOVANNI & JESUELE, LLP
773 Central Ave.
P.O. Box 2429
Westfield, NJ 07091

*Attorney for Plaintiff*

Andrew Frackman
O'MELVENY & MEYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036

*Attorney for Defendant Trader Joe's Company*

Jaclyn Nicci Adams