Lee G. Dunst
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, N.Y. 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

William J. Kilberg, P.C.
Paul Blankenstein
J. Nicci Adams
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

*Attorneys for Defendant Capital Research and Management Company*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLEO VAN DOREN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAPITAL RESEARCH AND MANAGEMENT COMPANY d/b/a AMERICAN FUNDS, TRADER JOE'S COMPANY,<br><br>　　　　Defendants. | Civil Action No. 2:10-cv-01425 |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY DEFENDANT CAPITAL RESEARCH AND MANAGEMENT COMPANY**

**TABLE OF CONTENTS**

| | Page |
|---|---|
| ARGUMENT | 1 |
| I. STANDARD OF REVIEW | 1 |
| II. PLAINTIFF HAS NOT ALLEGED FACTS THAT PLAUSIBLY SUGGEST THAT CRMC IS AN ERISA FIDUCIARY | 2 |
| CONCLUSION | 5 |

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal,*
    129 S. Ct. 1937 (2009) ................................................................................................. 2

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007) ................................................................................................. 2, 5

*Board of Trs. of Bricklayers and Allied Craftsmen Local 6 of N.J. Welfare Fund v. Wettlin Assocs., Inc.,*
    237 F.3d 270 (3d Cir. 2001) ...................................................................................... 3, 4

*Confer v. Custom Eng'g Co.,*
    952 F.2d 34 (3d Cir. 1991) ............................................................................................ 4

*Conley v. Gibson,*
    355 U.S. 41 (1957) ........................................................................................................ 2

*Edgar v. Avaya, Inc.,*
    503 F.3d 340 (3d Cir. 2007) .......................................................................................... 5

*Mellon Bank, N.A. v. Levy,*
    No. 01-1493, 2002 WL 664022 (W.D. Pa. Apr. 22, 2002) ........................................... 3

*Pegram v. Herdrich,*
    530 U.S. 211 (2000) .................................................................................................. 3, 5

*Taylor v. People Nat. Gas Co.,*
    49 F.3d 982 (3d Cir. 1995) ............................................................................................ 3

**Statutes**

ERISA § 403(a), 29 U.S.C. § 1103(a) ................................................................................. 4

**Regulations**

29 C.F.R. § 2509.75-8 (1992) ......................................................................................... 2, 3

# ARGUMENT

Capital Research and Management Company ("CRMC") demonstrated in its Memorandum in Support of its Motion to Dismiss ("Mem.") that it is not a proper defendant for either of the claims plaintiff asserts in her Second Amended Complaint ("Complaint"). As to her claim for benefits, CRMC established that it was neither the employee benefit plan at issue (the "Trader Joe's 401(k) Plan" or "Plan") nor the Plan Administrator, and thus not a proper defendant under ERISA § 502(a)(1)(B). With respect to plaintiff's claim—presumably under ERISA § 502(a)(2)—for damages from an alleged breach of fiduciary duty, CRMC demonstrated that plaintiff has failed to allege facts that plausibly show that CRMC meets the definition of a fiduciary under ERISA. Indeed, the facts that plaintiff alleged show that the recordkeeping and other administrative services that CRMC provided to the Trader Joe's 401(k) Plan were purely ministerial in nature, and not the sort of discretionary activities that would render it an ERISA fiduciary. Plaintiff's Opposition to CRMC's Motion to Dismiss ("Opp.") does nothing to cure the fatal defects in her Complaint. Plaintiff does not even attempt to defend her ERISA § 502(a)(1)(B) claim for benefits against CRMC, effectively conceding that CRMC is not the administrator of the Plan and is obviously not the Plan itself. And while plaintiff does try to defend her breach of fiduciary duty claims against CRMC, the arguments that she advances only underscore that CRMC is not an ERISA fiduciary.

## I. STANDARD OF REVIEW

Before turning to the merits of her fiduciary breach claim, CRMC must address what plaintiff incorrectly argues is the appropriate standard for deciding the pending motion to dismiss. According to plaintiff, "[f]or a defendant to prevail on a motion to dismiss under Federal Rule 12(b)(6), it must appear *beyond doubt* that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Opp. 3 (citing *Conley v. Gibson*, 355

1

U.S. 41, 45-46 (1957)). But the "no set of facts" standard of *Conley v. Gibson* was expressly retired by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562-63 (2007). The Court there explained that the "no set of facts" standard is "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Id.* at 563. In *Twombly*, and more recently in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Court made clear that, in order to survive a motion to dismiss under Rule 12(b)(6), a complaint must set forth "sufficient *factual matter*, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The Complaint here utterly fails to meet that standard.

II. **PLAINTIFF HAS NOT ALLEGED FACTS THAT PLAUSIBLY SUGGEST THAT CRMC IS AN ERISA FIDUCIARY**

Having abandoned her claim for benefits against CRMC, plaintiff continues to maintain that the Complaint sufficiently alleges that CRMC is a Plan fiduciary. Opp. 3-7. To that end, she points to the allegations in her Complaint that CRMC is a fiduciary because it, for example, "process[es] participant withdrawals at the employer's direction" and "process[es] name, address and other indicative data changes submitted by the employer." Opp. 3-4. But as CRMC explained in its opening memorandum, guidance from the Department of Labor ("DOL") establishes that those very functions, when performed, as they were here, "within a framework of policies, interpretations, rules, practices and procedures made by other persons," are *not* fiduciary activities. *See* Mem. 9-10 (citing 29 C.F.R. § 2509.75-8 (1992) (D-2)). Plaintiff's opposition simply ignores this guidance from the DOL as she has no effective response.

Plaintiff insists that the administrative and recordkeeping services that CRMC provided to the Plan make it a fiduciary because neither the Plan documents nor the Administrative Services Agreement between CRMC and Trader Joe's spells out *how* those ministerial services are to be carried out—*e.g.*, "the method by which CRMC [was to] maintain[] the participant

2

data." Opp. 4-5. The fact that a service provider may exercise some discretion in how it discharges its ministerial duties does not, however, make the service provider a fiduciary under ERISA. *See Taylor v. Peoples Nat. Gas Co.*, 49 F.3d 982, 987-88 (3d Cir. 1995) (advising employees of their rights and preparing reports is not sufficient to confer fiduciary status). As the Supreme Court explained in *Pegram v. Herdrich*, a service provider does not become an ERISA fiduciary "merely because it administers or exercises discretionary authority over its own . . . business. . . ." 530 U.S. 211, 223 (2000). After all, status as an ERISA fiduciary does not turn on whether a defendant tasked with maintaining participant data has a choice between using a computer or a file cabinet to store that data. *See Mellon Bank, N.A. v. Levy*, No. 01-1493, 2002 WL 664022, at \*5 (W.D. Pa. Apr. 22, 2002) ("ERISA's definition of 'fiduciary' 'speak[s] to *actual decision-making power.*'").

Plaintiff also contends that "CRMC's obligation to 'process participant withdraws' of necessity required the exercise of discretion" because "in the event that the forms were not completed properly or in their entirety, distribution would have been withheld or denied by CRMC." Opp. 5. Again, plaintiff's argument is well wide of the mark. A service provider, like CRMC, that discharges its duties within a framework of policies, rules, practices, and procedures made by others is not a fiduciary under ERISA. 29 C.F.R. § 2509.75-8 (1992) (D-2). And as plaintiff recognized in her Complaint, CRMC processes participant withdrawals *at the employer's direction.* Complaint ¶ 5 (emphasis added). Plaintiff's own allegations demonstrate that CRMC simply does not exercise the type of discretionary control over administration or management of the Plan that would qualify it as a fiduciary under ERISA.

Plaintiff's reliance on the Third Circuit's decision in *Board of Trustees of Bricklayers and Allied Craftsmen Local 6 of New Jersey Welfare Fund v. Wettlin Associates, Inc.*, 237 F.3d

3

270 (3d Cir. 2001), for the contrary conclusion is entirely misplaced. The *Wettlin* court allowed a fiduciary-breach claim for mismanagement of plan assets to proceed against the defendant to which the plan's Board of Trustees delegated "day to day responsibility to control, manage, hold, safeguard, and account for the Fund's assets and income." 237 F.3d at 275. In this regard, the Third Circuit held that under the "second prong" of ERISA § 3(21)(A)(i), a person exercising control over the assets of an employee benefit plan is a fiduciary even if he or she does not exercise discretion. *Id*. at 272-73. The allegation that the defendant in *Wettlin* collected the employer contributions and had the authority to write checks on the Plan's account put it, in the court of appeals' view, in the fiduciary category. *Id*. at 275.

Here, by contrast, plaintiff does not allege that CRMC had control over Plan assets, and makes no claim that CRMC mismanaged the Plan's assets. Instead, she charges CRMC with failing in its administrative responsibilities. Complaint ¶¶ 3-9. But, as the court held in *Confer v. Custom Eng'g Co.*, 952 F.2d 34, 39 (3d Cir. 1991), allegations of *administrative* responsibility without discretion, such as processing claims at the instruction of the plan administrator, are insufficient to establish ERISA fiduciary status.

Moreover, CRMC *could not* hold Plan assets because, by law, all Plan assets must be held in trust, and CRMC is not alleged to be the trustee of the Plan. *See* ERISA § 403(a), 29 U.S.C. § 1103(a). In addition, the Administrative Services Agreement expressly provides that "[n]othing in the Agreement will be deemed to impose any obligation on the Service Provider [CRMC] to monitor, control, or in any way exercise any powers or discretion in . . . the acquisition or disposition of any funds, securities or other assets of the Plan. . . . Neither the Service Provider or any of its agents . . . shall . . . be deemed to . . . 'handle' or be in possession

4

or control of 'Plan assets.'" Agreement Part V, p. 3.*

Finally, plaintiff argues that "[s]ince the nature and extent of the contractual duties undertaken and carried out by CRMC are critical to a proper determination of whether it exercised discretion sufficient to constitute fiduciary status, discovery is warranted, necessary and indispensable." Opp. 6-7. But the Supreme Court in *Twombly* rejected the proposition that a complaint can "survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might *later* establish some 'set of [undisclosed] facts' to support recovery." 550 U.S. at 561 (emphasis added). As the Third Circuit said, there is "no reason to allow this case to proceed to discovery when, even if the allegations are proven true, [plaintiff] cannot establish" all the required elements of her claim. *Edgar v. Avaya, Inc.*, 503 F.3d 340, 349 (3d Cir. 2007). Here, the allegations in the Complaint, even if proven, would not establish that CRMC is an ERISA fiduciary—a threshold element, of course, in any breach-of-fiduciary-duty claim under ERISA. *See Pegram*, 530 U.S. at 226.

## CONCLUSION

For all of the foregoing reasons and those set out in CRMC's opening memorandum, the Court should dismiss with prejudice all of the claims asserted against CRMC.

Dated: June 14, 2010  /s/ Lee G. Dunst
　　　　　　　　　　　　　　　　　Lee G. Dunst
　　　　　　　　　　　　　　　　　GIBSON, DUNN & CRUTCHER LLP
　　　　　　　　　　　　　　　　　200 Park Avenue
　　　　　　　　　　　　　　　　　New York, N.Y. 10166
　　　　　　　　　　　　　　　　　Telephone: (212) 351-4000
　　　　　　　　　　　　　　　　　Facsimile: (212) 351-4035

---

\* The Administrative Services Agreement is attached to CRMC's Memorandum in Support of its Motion to Dismiss as Exhibit B.

William J. Kilberg, P.C.
Paul Blankenstein
J. Nicci Adams
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

*Attorneys for Defendant Capital Research and Management Company*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on June 14, 2010, she caused two copies of the foregoing *Reply Memorandum in Support of Motion to Dismiss by Defendant Capital Research and Management Company* to be served by USPS on each of the following:

Vincent Jesuele
KESSLER, DIFIOVANNI & JESUELE, LLP
773 Central Ave.
P.O. Box 2429
Westfield, NJ  07091

*Attorney for Plaintiff*

Andrew Frackman
O'MELVENY & MEYERS LLP
Times Square Tower
7 Times Square
New York, NY  10036

*Attorney for Defendant Trader Joe's Company*

/s/ Jaclyn Adams
J. Nicci Adams

7