UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLEO VAN DOREN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:10-CV-01425 |
| | ) |
| CAPITAL RESEARCH AND | ) |
| MANAGEMENT COMPANY, INC., | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**REPLY BRIEF IN SUPPORT OF TRADER JOE'S DEFENDANTS'
MOTION TO DISMISS**

## TABLE OF CONTENTS

**Page**

ARGUMENT ................................................................................................................ 1

I.    PLAINTIFF'S FIDUCIARY DUTY CLAIM SHOULD BE DISMISSED .......... 1

II.   PLAINTIFF'S CLAIM FOR BENEFITS UNDER ERISA § 502(A)(1)(B) SHOULD BE DISMISSED ................................................................................ 2

    A.    Plaintiff Does Not Seek Any Relief Available Under ERISA § 502(a)(1)(B) ................................................................................................ 2

    B.    Plaintiff's Rationales for Failing to Exhaust Administrative Remedies Are Wrong ............................................................................ 4

CONCLUSION ............................................................................................................ 6

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Huss v. Green Spring Health Servs., Inc.*,
   No. Civ. A. 98-6055, 1999 WL 455666 (E.D.Pa. July 1, 1999) ...................................... 3
*Mass. Mut. Life Ins. Co. v. Russell*,
   473 U.S. 134 (1985) ....................................................................................................... 3

**Statutes**

ERISA § 502(a)(1)(B) ............................................................................................... passim
ERISA § 502(a)(2) ........................................................................................................... 1
ERISA § 502(a)(3) ........................................................................................................... 1

Plaintiff's Opposition[1] to the Trader Joe's Defendants'[2] Motion to Dismiss ("Motion") [Dkt. # 25] fails to confront the grounds for dismissal set forth in that Motion.  Plaintiff, indeed, offers no response whatsoever to the arguments for dismissal of her breach of fiduciary duty claim.  And though she tries to salvage her claim under ERISA[3] § 502(a)(1)(B)—which authorizes a suit for benefits under a plan—her arguments merely confirm the central flaw in her claim: that she is, by her own admission, *not seeking plan benefits*.  Accordingly, all of plaintiff's claims should be dismissed with prejudice.

## ARGUMENT

### I. Plaintiff's Fiduciary Duty Claim Should Be Dismissed

The Trader Joe's Defendants argued in their initial brief that plaintiff's fiduciary duty claim should be dismissed because the relief plaintiff seeks is not available under ERISA §§ 502(a)(2) or (a)(3).  (Mem. Of Law In Supp. Of Defs.' Trader Joe's Company And Plan Committee's Mot. To Dismiss ("Memorandum" or "Mem.") [Dkt. # 25-1] at 7-10.)  Plaintiff's Opposition fails to address her fiduciary duty claim against the

---

[1] Pl.'s Opp'n to Mots. to Dismiss Filed Pursuant to Fed. R. Civ. Proc. Rule 12(b)(6) [Dkt. # 26] ("Opposition" or "Opp'n").
[2] The Trader Joe's Defendants are Trader Joe's Company and the Plan Committee.
[3] Employee Retirement Income Security Act of 1974, as amended.

Trader Joe's Defendants or to respond to their arguments regarding it.[4]

Plaintiff's fiduciary duty claim should thus be dismissed.

## II.   Plaintiff's Claim for Benefits Under ERISA § 502(a)(1)(B) Should Be Dismissed

### A.   Plaintiff Does Not Seek Any Relief Available Under ERISA § 502(a)(1)(B)

The Trader Joe's Defendants also argued in their Memorandum that plaintiff has no claim under ERISA § 502(a)(1)(B) because she is not seeking any of the relief available under that provision—which, by its terms, authorizes a plan participant or beneficiary to sue either to recover benefits under a plan or to establish a right to future benefits.  29 U.S.C. § 1132(a)(1)(B); (Mem. at 4-7.)  Rather, plaintiff has expressly alleged that there are "no 'benefits under the plan' to claim[.]"  (Am. Compl., Jury Demand, Designation of Trial Counsel ("Am. Compl.") [Dkt. # 20] ¶ 11.)

Accepting that allegation as true, simple logic dictates that plaintiffs' claim cannot be construed as a claim for benefits under the Trader Joe's Company Retirement Plan (the "Plan").[5]  It is instead an action for damages

---

[4] Plaintiff's Opposition addresses only the fiduciary duty claim as to defendant Capital Research and Management Company, Inc. ("CRMC") and only with respect to whether CRMC is an ERISA fiduciary.  (*See* Opp'n at 3-7.)

[5] In addition to authorizing a straight claim for benefits, ERISA § 502(a)(1)(B) also provides for actions to clarify the right to future benefits or to enforce a plan's terms.  As addressed in the Trader Joe's Defendants'

2

stemming from plaintiff's allegation that she *cannot* recover benefits under the Plan's terms.  ERISA § 502(a)(1)(B) does not authorize such an action, and, as the Supreme Court has made clear, no such action should be implied.[6]

Plaintiff fails to confront the import of her own allegation.  She instead essentially resorts to name-calling, labeling the Trader Joe's Defendants as "Janus faced" and accusing them of acting in bad faith for accepting the allegation.  (Opp'n at 8.)  Such labels and accusations are nonsense.  It is plaintiff herself who chose to allege that she has no claim for benefits in order to avoid the requirement that she exhaust her administrative remedies before proceeding to Court.  The Trader Joe's Defendants have

---

Memorandum, the Amended Complaint does not seek these forms of relief, plaintiff has not argued that she seeks them, and any such claims would fail because plaintiff has alleged she has no right to benefits, present or future, under the Plan.  (*See* Mem. at 7.)

[6] *See Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 144 (1985) ("§ 502(a)(1)(B) . . . says nothing about the recovery of extracontractual damages, or about the possible consequences of delay in the plan administrators' processing of a disputed claim. Thus, there really is nothing at all in the statutory text to support the conclusion that such a delay gives rise to a private right of action for compensatory or punitive relief."); *id.* at 146 ("The six carefully integrated civil enforcement provisions found in § 502(a) of the statute as finally enacted, however, provide strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly."); *Huss v. Green Spring Health Servs., Inc.*, No. Civ. A. 98-6055, 1999 WL 455666, at *3 (E.D.Pa. July 1, 1999) ("§ 502(a)(1)(B), limits claims to those for benefits and rights due under the plan; it does not authorize claims for extracontractual compensatory damages.").

3

merely addressed the natural and unavoidable implications of plaintiff's position.[7]

### B. Plaintiff's Rationales for Failing to Exhaust Administrative Remedies Are Wrong

Because plaintiff is not seeking any relief available under § 502(a)(1)(B), she has failed to state a claim under the provision, and the Court need not address her excuses for failing to exhaust administrative remedies. Yet, even if plaintiff had asserted an appropriate claim under § 502(a)(1)(B), those excuses would be meritless.

First, plaintiff suggests that exhaustion of administrative remedies would be futile because "[w]hen she became aware of the potential for a claim, the benefits had already been liquidated." (Opp'n at 8.) Plaintiff, however, does not cite any legal authority or any language in the Plan to support this position. Nor does she claim to have tested the theory by raising her concern with the Plan's administrator. She merely assumes that, because the Plan made a distribution, her "1132(a)(1)(B) claim had already been lost." (*Id*. at 9.)

---

[7] It is in fact plaintiff who has asserted contradictory positions in this action, alleging in her Complaint that she was not required to exhaust administrative remedies because there are no benefits for her to claim (Am. Compl. ¶ 11), then arguing in her Opposition that she "seeks to recover benefits due to her under the terms of the plan." (Opp'n at 7.)

The argument, moreover, is wholly inconsistent with any contention that plaintiff is seeking benefits under § 502(a)(1)(B).  Plaintiff cannot have it both ways:  if she contends she has a viable claim for benefits under the terms of the Plan, she was required to pursue those benefits through the Plan's administrative procedures before burdening the courts.

Next, plaintiff contends that the Plan's administrative procedures do not apply because there was no "adverse benefit determination," *i.e.*, that she was never denied benefits.  (*Id*. at 9-10.)  But a benefit determination—adverse or otherwise—is not the first stage of the Plan's administrative procedures.  The first stage is filing a claim for benefits with the Plan—something plaintiff makes clear she never did.  (*See* Plan at 60-67, attached to Decl. of Gregory B. Trotter [Dkt. # 25-3].)  Under plaintiff's logic, one can evade ERISA's well-established exhaustion requirement by simply avoiding the administrative process altogether.  Such flawed reasoning turns the exhaustion requirement on its head and should be rejected outright.

Plaintiff's final argument—that an administrative claim for benefits would have been untimely (Opp'n at 9)—fails for similar reasons.   The deadline to which plaintiff refers applies to when a claimant must appeal an adverse benefit determination.  (*See* Plan § 13.1(a)(4).)  It does not apply to

5

the initial filing of a claim for benefits, and nothing in the Plan requires that an initial claim be made in any specific time frame.

In sum, because plaintiff's own allegations refute any attempt to construe her claim as one for benefits under the Plan, she has not stated a viable claim under ERISA § 502(a)(1)(B), and her claim should be dismissed with prejudice. And, even if plaintiff's claim could be so construed, her claim would still be subject to dismissal for failure to exhaust administrative remedies.

## **CONCLUSION**

For the foregoing reasons, the Trader Joe's Defendants respectfully request that the Court enter an Order dismissing plaintiff's Amended Complaint with prejudice.

Dated: June 14, 2010					Respectfully submitted,

						O'MELVENY & MYERS LLP

						By:   /s/ Andrew Frackman

						Andrew Frackman
						O'MELVENY & MYERS LLP
						Times Square Tower
						7 Times Square
						New York, NY 10036
						Telephone: 212-326-2017
						Facsimile:  212-326-2061
						afrackman@omm.com

> Shannon M. Barrett (*Pro Hac Vice*)
> O'MELVENY & MYERS LLP
> 1625 Eye Street, NW
> Washington, DC 20006
> Telephone: 202-383-5308
> Facsimile: 202-383-5414
> sbarrett@omm.com
>
> *Attorneys for Defendants Trader Joe's Company and Plan Committee*